**No. 52744.**—Jules Borel & Co. *v.* United States, protest 130355–K (St. Louis).

Ekwall, Judge:   An importation of metronomes made at the port of Kansas City, Mo., was assessed with duty at the rate of 40 per centum ad valorem under paragraph 1541 (a), Tariff Act of 1930, plus a tax of 3 cents per pound on the copper content thereof under section 3425, Internal Revenue Code.

Plaintiff claims that the collector, in liquidation, assumed to appraise or reappraise the merchandise and adopted values in excess of the appraised values. Therefore, it contends that the liquidation is illegal.

The case was submitted on the official papers with time allowed Government counsel for brief.   No brief was filed on behalf of the plaintiff.

The official papers disclose that the merchandise was appraised as entered. On the invoice, however, we find the following notation in red ink:

> Case arrived in bad order.   Mdse. loose in Mail Pouch
> 22 pcs. est. 40% damage   OHG

The initials are apparently those of the acting appraiser, O. H. Garrison.

The collector's report on the protest is as follows:

\* \* \*   The protestant does not claim a different classification is applicable. The claim of the protestant is that the collector used a value other than the

appraised value in the liquidation of the entry. The importation was appraised as entered. The examiner noted an estimated 40-percent damage to the importation during the examination thereof and included such fact in his official return. The collector did not allow deduction in duty for the damage in liquidation because the importer failed to comply with the provisions of sec. 15.1, Customs Regulations of 1943.

It is thus apparent that the action of the collector was not an appraisal or reappraisal of the merchandise but was due to his refusal to allow a reduction in duty for damage to the goods.

From the facts as they appear by notations on the official papers, it is apparent that any remedy which plaintiff might have would be a claim for damages under section 563, Tariff Act of 1930, which would entail compliance with the Customs Regulations of 1943, section 15.1. From an examination of the official papers, including the collector's report, we find no evidence that the regulations have been complied with. The action of the collector in refusing to make allowance for the estimated damage was therefore proper.

Plaintiff's claim is overruled. Judgment will be rendered accordingly.